USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1075  CHUKWU E. AZUBUKO, Plaintiff, Appellant, v. ROBERT C. RUFO, SHERIFF, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Lynch, Circuit Judges. ______________ ____________________ Chukwu E. Azubuko on brief pro se. _________________ John M. Townsend, General Counsel, Suffolk County Sheriff's __________________ Department, on brief for appellee. ____________________ MARCH 4, 1997 ____________________ Per Curiam. Appellant Chukwu E. Azubuko appeals __________ from the sua sponte dismissal, under Fed. R. Civ. P. 12(b)(6), of his complaint against Sheriff Robert C. Rufo. The court dismissed the complaint, stating that it failed to state a claim against the Sheriff. It is evident that appellant "can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ___ ______ ______ (standard for a Rule 12(b)(6) dismissal). First, it is plain that appellant is premising Sheriff Rufo's liability for the alleged false imprisonment solely on the Sheriff's status as a supervisor or employer. That is, the only person directly ________ involved in the incident at the Roxbury District Court is an attorney who supposedly worked for Sheriff Rufo. A claim which is premised solely on respondeat superior is an improper basis for a 1983 action. See Figueroa v. Aponte- ___ ________ _______ Rogue, 864 F.2d 947, 953 (1st Cir. 1989) (a defendant may be _____ found liable only for his or her own acts or omissions). Second, appellant cannot state a claim for false imprisonment under the Fourteenth Amendment. The availability of an adequate remedy under Massachusetts law for such a claim, see, e.g., Foley v. Polaroid Corp., 400 ___ ____ _____ _______________ Mass. 82, 508 N.E.2d 72 (1987), precludes a procedural due process challenge. See Roche v. John Hancock Mut. Life Ins. ___ _____ ___________________________ Co., 81 F.3d 249, 256 (1st Cir. 1996). Further, there exists ___ -2- no substantive due process right to be free from such an alleged deprivation. See Albright v. Oliver, 510 U.S. 266 ___ ________ ______ (1994) (plurality opinion). Finally, appellant cannot state a Fourth Amendment claim in this case because he never was arrested or seized. A seizure occurs "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United ______ States v. Mendenhall, 446 U.S. 544, 554 (1980) (Stewart, J.). ______ __________ The letter concerning the arrest warrant stated specifically that appellant would be arrested only if he failed to appear ______ at a "voluntary" court appearance. Thus, a reasonable person reading this letter would understand that if he went to court on his own steam, he would not be arrested. In any event, ___ appellant indicates that he, in fact, freely left the meeting at the Roxbury District Court. The judgment of the district court is affirmed. ________ -3-